# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

-----------------------------------------------------------x
|  |  |  |
|---|---|---|
| *In re* | : | **Chapter 11** |
|  | : |  |
| **WASHINGTON MUTUAL, INC., et al.,**[1] | : | **Case No. 08-12229 (MFW)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |
-----------------------------------------------------------x   Re: Docket No. 4751

## COUNTER-STATEMENT OF ISSUE AND
## COUNTER-DESIGNATION OF RECORD ON APPEAL

Pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, appellees Washington Mutual, Inc. ("WMI") and WMI Investment Corp. ("WMI Investment" and, together with WMI, the "Debtors") hereby submit the following counter-statement of the issues and counter-designation of additional items to be included in the record for the appeal filed by the United States Trustee (the "U.S. Trustee") from the *Order Denying Motion and Supporting Memorandum of the Official Committee of Equity Security Holders for the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code* [Docket No. 3663], entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on May 5, 2010.

### Counter-Statement of Issues on Appeal

1.      Did the Bankruptcy Court properly hold, pursuant to 11 U.S.C. § 1104(c), that a Bankruptcy Court retains discretion to deny appointment of an examiner on a motion by an interested party even where the unsecured debt threshold of 11 U.S.C. § 1104(c)(2) is met?

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 925 Fourth Avenue, Seattle, Washington 98104.

2.     Did the Bankruptcy Court properly hold that, pursuant to 11 U.S.C.

§ 1104(c)(2), the Bankruptcy Court has discretion to (i) determine what appropriate investigation

of the debtor should occur and, (ii) if none, deny the appointment of an examiner?

3.     Assuming the Bankruptcy Court properly held, pursuant to 11 U.S.C.

§ 1104(c), that a Bankruptcy Court retains discretion to deny appointment of an examiner on a

motion by an interested party even where the unsecured debt threshold of 11 U.S.C. § 1104(c)(2)

is met, did the Bankruptcy Court properly hold that appointment of an examiner was not

warranted in these cases because (a) such appointment would lead to a duplication of the effort

of the multiple complex investigations that have already taken place, (b) such appointment would

be costly, and (c) the party in interest requesting the appointment is capable of conducting the

proposed investigation itself?

### Counter-Designation of the Record on Appeal

In addition to the items designated by Appellants to be included in the record on

appeal, the Debtors designate the following:

1.  Complaint for Turnover of Estate Property, dated April 27, 2009 [Adv. Proceeding No. 09-50934, Doc. No. 1].

2.  Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004.1 Directing the Examination of JPMorgan Chase Bank, N.A., dated May 1, 2009 [Doc. No. 974].

3.  JPMorgan Chase Bank, National Association's Objection and Response to Debtors' Motions for (A) an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004.1 Directing the Examination of JPMorgan Chase, N.A. [Docket No. 974]; and (B) an Order Pursuant to 11 U.S.C. § 105(a) and Federal Rules of Bankruptcy Procedure 7013 and 9006(b) Enlarging the Time for Asserting Counterclaims Against JPMorgan Chase Bank, N.A., dated May 13, 2009 [Doc. No. 1017].

4.  Debtors' Reply to Objection of JPMorgan Chase Bank, N.A. to Debtors' Motion for an Order (A) Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004.1 Directing the Examination of JPMorgan Chase Bank, N.A.; and (B) Pursuant to 11 U.S.C. § 105(a) and Federal Rules of Bankruptcy Procedure 7013 and 9006(b) Enlarging the Time for Asserting Counterclaims Against JPMorgan Chase Bank, N.A., dated May 18, 2009 [Doc. No. 1036].

5. Joinder of the Official Committee of Unsecured Creditors of Washington Mutual, Inc., and WMI Investment Corp. in Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2014.1 Directing the Examination of JPMorgan Chase Bank, N.A., dated May 19, 2009 [Doc. No. 1045].

6. Debtors' Answer and Counterclaims in Response to the Complaint of JPMorgan Chase Bank, N.A., dated May 29, 2009 [Adv. Proceeding No. 09-50551, Doc. No. 23]

7. Opinion Granting Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004.1 Directing the Examination of JPMorgan Chase Bank, National Association, dated June 24, 2009 [Doc. No. 1219].

8. Order Granting Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004.1 Directing the Examination of JPMorgan Chase Bank, National Association, dated June 24, 2009 [Doc. No. 1220].

9. Motion of JPMorgan Chase Bank, National Association for Reconsideration of Opinion and Order Granting Debtors' Motion for Rule 2004 Discovery, dated June 26, 2009 [Doc. No. 1237].

10. Brief of JPMorgan Chase Bank, N.A. in Support of Motion for Reconsideration of Opinion and Order Granting Debtors' Motion for Rule 2004 Discovery, dated June 26, 2009 [Doc. No. 1238].

11. Debtors' Objection to Motion of JPMorgan Chase Bank, N.A. for Reconsideration of Opinion and Order Granting Debtors' Motion for Rule 2004 Discovery, dated July 1, 2009 [Doc. No. 1259].

12. Response Brief of JPMorgan Chase Bank, N.A. in Further Support of Motion for Reconsideration of Opinion and Order Granting Debtors' Motion for Rule 2004 Discovery, dated July 22, 2009 [Doc. No. 1360].

13. Debtors' Answer and Amended Counterclaims in Response to the Complaint of JPMorgan Chase Bank, N.A., dated September 11, 2009 [Adv. Proceeding No. 09-50551, Doc. No. 139].

14. Official Transcript of Hearing Held Before Hon. Mary F. Walrath on October 22, 2009, dated October 26, 2009, on *Motion of Plaintiffs Washington Mutual, Inc., and WMI Investment Corp. for Summary Judgment* [Adv. Proceeding No. 09-50934, Doc. No. 193]

15. Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Examination of Witnesses and Production of Documents from Knowledgeable Parties, dated Dec. 14, 2009 [Doc. No. 1997].

16. The Securities and Exchange Commission's Response to Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1, dated January 15, 2010 [Doc. No. 2161].

17. Reservation of Rights of Standard & Poor's Corporation to Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Examination of Witnesses and Production of Documents from Knowledgeable Parties, dated January 15, 2010 [Doc. No. 2163].

18. Protective Objection and Reservation of Rights of Wells Fargo, N.A. with Respect to Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Examination of Witnesses and Production of Documents from Knowledgeable Parties, dated January 15, 2010 [Doc. No. 2164].

19. Federal Home Loan Bank of San Francisco's Response to WMI's Request for Production of Documents Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, dated January 15, 2010 [Doc. No. 2168].

20. Objection of the FDIC-Receiver to the Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004, dated January 15, 2010 [Doc. No. 2169].

21. Objection of FDIC-Corporate to the Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Examination of Witnesses and Production of Documents from Knowledgeable Parties, dated January 15, 2010 [Doc. No. 2170].

22. Objection of the Third-Parties Toronto-Dominion Bank and TD Bank, N.A. to the Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Examination of Witnesses and Production of Documents from Knowledgeable Parties, dated January 15, 2010 [Doc. No. 2171].

23. Objection of the Office of Thrift Supervision to Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004, dated January 15, 2010 [Doc. No. 2172].

24. Objection of PricewaterhouseCoopers LLC and Reservation of Rights with Respect to the Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Examination of Witnesses and Production of Documents from Knowledgeable Parties, dated January 15, 2010 [Doc. No. 2175].

25. Joinder of Standard & Poor's Corporation to Objections with Respect to the Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Examination of Witnesses and Production of Documents from Knowledgeable Parties, dated January 21, 2010 [Doc. No. 2191].

26. Debtors' Reply to the Objections of the Knowledgeable Parties to Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Examination of Witnesses and Production of Documents from Knowledgeable Parties, dated January 25, 2010 [Doc. No. 2212].

27. Application of the Official Committee of Equity Security Holders for an Order Authorizing the Employment and Retention of Benesch, Friedlander, Coplan & Aronoff LLP as Its Delaware and Conflicts Counsel Pursuant to 11. U.S.C. §§ 327 and 1103, Nunc Pro Tunc to January 11, 2010, dated January 28, 2010 [Doc. No. 2255].

28. Statement of the Official Committee of Unsecured Creditors of Washington Mutual, Inc., et al. Reserving Its Rights and in Support of the Debtors' Reservation of Rights with Respect to the Applications of the Official Committee of Equity Security Holders for an Order Authorizing the Employment and Retention of Venable LLP and Benesch, Friedlander, Coplan & Aronoff LLP, dated February 16, 2010 [Doc. No. 2364].

29. Order Denying Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Examination of Witnesses and Production of Documents from Knowledgeable Parts, dated February 16, 2010 [Docket No. 2366].

30. Notice of Substitution of Counsel by Susman Godfrey, L.L.P. on Behalf of the Official Committee of Equity Security Holders of Washington Mutual, Inc., et al., dated April 21, 2010 [Doc. No. 3553].

31. Fifteenth Monthly Application of Weil, Gotshal & Manges LLP, as Attorneys for the Debtors, for Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred from February 1, 2010 Through February 28, 2010, dated May 11, 2010 [Doc. No. 3697].

32. Summary of Final Fee Application of Venable LLP as Counsel for the Official Committee of Equity Security Holders for Final Approval of Compensation and Reimbursement of Expenses Incurred for the Period January 11, 2010 through April 30, 2010, dated May 17, 2010 [Doc. No. 3760].

33. Second Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code, filed on May 21, 2010 [Doc. No. 4241].

34. Disclosure Statement for the Second Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code, dated May 21, 2010 [Docket No. 4242].

35. Summary of First Monthly Application of Susman Godfrey L.L.P., as Co-Counsel to the Official Committee of Equity Security Holders of Washington Mutual, Inc. et al., for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period of April 16, 2010 Through April 30, 2010, dated May 28, 2010 [Doc. No. 4433].

36. Nineteenth Monthly Application of Akin Gump Strauss Hauer & Feld LLP Co-Counsel for the Official Committee of Unsecured Creditors, for Interim Allowance of Compensation and for the Reimbursement of Expenses for Services Rendered During the Period from April 1, 2010 Through April 30, 2010, dated May 27, 2010 [Doc. No. 4403].

37. Third Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code, dated June 2, 2010 [Doc. No. 4456].

38. Disclosure Statement for the Third Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code, dated June 2, 2010 [Doc. No 4470].

39. Motion of the Official Committee of Equity Security Holders in Support of Order Directing Appointment of an Examiner Under 11 U.S.C. § 1104(c), dated June 8, 2010 [Doc. No. 4644].

40. Motion to Shorten Notice and Schedule Hearing on Motion of the Official Committee of Equity Security Holders in Support of Order Directing Appointment of an Examiner Under 11 U.S.C. § 1104(c), dated June 8, 2010 [Doc. No. 4645].

41. Twelfth Monthly Application of Quinn Emanuel Urquhart & Sullivan, LLP, as Special Litigation and Conflicts Counsel to the Debtors for Allowance of Compensation for

Services Rendered and for Reimbursement of Expenses During the Period from March 1, 2010 Through March 30, 2010, dated June 8, 2010 [Doc. No. 4647].

42. Debtors' Objection to the Motion to Shorten and Schedule Hearing on Motion of the Official Committee of Equity Holders in Support of Order Directing Appointment of an Examiner Under § 1104(c), dated June 8, 2010 [Doc. No. 4649].

43. Reply in Support of Motion to Shorten Notice and Schedule Hearing on Motion of the Official Committee of Equity Security Holders in Support of Order Directing Appointment of an Examiner Under 11 U.S.C. § 1104(c), dated June 8, 2010 [Doc. No. 4651].

44. Order Shortening Notice and Scheduling Hearing on Motion of the Official Committee of Equity Security Holders in Support of Order Directing Appointment of an Examiner Under 11 U.S.C. § 1104(c), dated June 9, 2010 [Doc. No. 4655].

45. Counter-Statement of Issue and Counter-Designation of Record on Appeal dated June 10, 2010 [Doc. No. 4662].

46. Objection of the Official Committee of Unsecured Creditors to the Motion of the Official Committee of Equity Security Holders in Support of Order Directing Appointment of an Examiner Under 11 U.S.C. § 1104(c), dated June 14, 2010 [Doc. No. 4680].

47. Objection by the Washington Mutual Inc. Noteholders Group to the Second Motion of the Official Committee of Equity Security Holders for an Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code, dated June 14, 2010 [Doc. No. 4681].

48. JPMorgan Chase Bank, N.A.'s Response and Objection to Motion of the Official Committee of Equity Security Holders for an Order Directing Appointment of an Examiner Under Section 1104(c), dated June 14, 2010 [Doc. No. 4682].

49. Debtors' Objection to Renewed Motion of the Official Committee of Equity Security Holders in Support of Order Directing Appointment of an Examiner Under 11 U.S.C. § 1104(c), dated June 14, 2010 [Doc. No. 4683].

50. Objection of the FDIC-Receiver to the Equity Committee's Motion for an Order Directing Appointment of an Examiner Pursuant to Bankruptcy Code Section 1104(c), dated June 14, 2010 [Doc. No. 4685].

51. Objection of Appaloosa, Aurelius, Centerbridge and Owl Creek to the Motion of the Official Committee of Equity Security Holders in Support of Order Directing Appointment of an Examiner Under 11 U.S.C. Section 1104(c), dated June 14, 2010 [Doc. No. 4686].

52. Fourth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code, dated June 14, 2010 [Doc. No. 4688].

53. Disclosure Statement for the Fourth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code, dated June 14, 2010 [Doc. No. 4689].

Dated: June 30, 2010
      Wilmington, Delaware

Mark D. Collins (No. 2981)
Chun I. Jang (No. 4790)
Julie A. Finocchiaro (No. 5303)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile:  (302) 651-7701

– and –

Marcia L. Goldstein, Esq.
Brian S. Rosen, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Debtors
and Debtors in Possession